# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ERAQUIO MARTINEZ-RODRIGUEZ,<br><br>    Defendant. | No. CR10-4063-DEO<br><br>**REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS** |

On July 21, 2010, the grand jury returned a two-count Indictment charging the defendant Eraquio Martinez-Rodriguez ("Martinez") with conspiracy to distribute methamphetamine, and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846. Doc. No. 1. On August 23, 2010, Martinez filed a motion to suppress evidence, arguing statements he made to officers following his arrest were not made voluntarily, and admission of those statements into evidence would violate his Fifth Amendment right to Due Process. Doc. No. 16-1, p. 3. The plaintiff (the "Government") resists the motion. Doc. No. 23.

The Trial Management Order assigned motions to suppress to the undersigned for hearing and the filing of a report and recommended disposition. Doc. No. 10. Accordingly, the court held a hearing on the motion on October 29, 2010. Assistant United States Attorney John Lammers appeared on behalf of the Government. Martinez appeared with his attorney, R. Scott Rhinehart. Martinez offered the testimony of Pretrial Services Officer Jill Black; Martinez's sister, Jessica Rodriguez-Martinez; his mother, Belia Rodriguez; and Sioux City Police officers Jake Noltze and Brian Clausen.[1]

---

[1] Task Force Officer John Howard also testified at the end of the hearing, but only with regard to the issue of Martinez's pretrial detention. Howard offered no testimony on the suppression issue.

Four exhibits were admitted into evidence on the suppression issue[2]. Gov't Exs. 1, 2, and 4 are DVDs containing recordings of officers' interviews of Martinez. Gov't Ex. 3 is Martinez's criminal history from the Pretrial Services Report.

The motion is now fully submitted and ripe for consideration.

## *DISCUSSION*

This case arises from a traffic stop involving Martinez on July 1, 2010, in Sioux City, Iowa. The basic facts of the traffic stop are set forth in the criminal complaint filed in advance of the indictment. *See* Doc. No. 1 in Case No. 10mj160. Martinez, the vehicle's driver and sole occupant, was stopped for driving a vehicle with no license plates. Martinez was unable to produce a driver's license. Officers asked if he had anything illegal in his vehicle, and Martinez indicated he had a small amount of "weed" (marijuana). An officer asked Martinez to step out of his vehicle, and the officer conducted a pat-down search of Martinez. The officer felt a lump in Martinez's right front pants pocket. The officer asked Martinez what the lump was, and Martinez responded that it was methamphetamine.

Martinez was handcuffed, and officers retrieved approximately 10 grams of methamphetamine from his pocket. He was given his *Miranda* warnings, and was taken to the Sioux City Police Department where he was given his *Miranda* warnings again, after which he made incriminating statements.

The basis for Martinez's motion to suppress is his assertion that he was so high on methamphetamine at the time of the traffic stop, he was completely unable to make a knowing, voluntary, and intelligent waiver of his *Miranda* rights. He argues his impairment due to drug use should have been apparent to the officers both at the scene of

---

[2]One additional exhibit, unrelated to the suppression issue, also was admitted into evidence at the hearing. *See* Court Ex. 1, a forensic evaluation report dated September 21, 2010.

the traffic stop and at the police station, but they questioned him anyway, and their tactics resulted in his will being overborne.

Custodial interrogations are inherently coercive. *Dickerson v. United States*, 530 U.S. 428, 435, 120 S. Ct. 2326, 2331, 147 L. Ed. 2d 405 (2000). Nevertheless, a suspect may waive the rights contained in the *Miranda* warnings "provided the waiver is made voluntarily, knowingly and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1628, 16 L. Ed. 2d 694 (1966). However, "[a] waiver of *Miranda* rights is invalid if, in the totality of the circumstances, the accused's will was overborne." *United States v. Holloway*, 128 F.3d 1254 (8th Cir. 1997) (citing *United States v. Makes Room*, 49 F.3d 410, 414 (8th Cir. 1995)); *see United States v. Caldwell*, 954 F.2d 496, 505 (8th Cir. 1992) (waiver of *Miranda* rights is determined under totality of the circumstances and in light of the entire course of police conduct) (citing *Oregon v. Elstad*, 470 U.S. 298, 318, 105 S. Ct. 1285, 1297, 84 L. Ed. 2d 222 (1985)). *See also United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996); *United States v. Anderson*, 929 F. 2d 96, 99 (2d Cir. 1991).

Furthermore, "[t]here is a strong presumption against waiver," and the Government has the burden to show a suspect "'knowingly and intelligently waived his privileges against self-incrimination and his right to retained or appointed counsel.'" *Soffar v. Johnson*, 237 F.3d 411, 454 (5th Cir. 2000) (quoting *Miranda*, 384 U.S. at 475, 86 S. Ct. at 1628). "Indeed, courts must "'indulge every reasonable presumption against waiver of fundamental constitutional rights.'" *Id*. (citations omitted).

In *United States v. Boyd*, 180 F.3d 967 (8th Cir. 1999), the Eighth Circuit Court of Appeals explained how to determine whether a waiver of *Miranda* rights is valid:

> "The determination of whether an accused has knowingly and voluntarily waived his *Miranda* rights depends on all the facts of each particular case." *Stumes v. Solem*, 752 F.2d 317, 320 (8th Cir. 1985). The circumstances include "the background, experience, and conduct of the accused." *Id*. The government

> has the burden of proving that the defendant "voluntarily and knowingly" waived his rights. *Id*.

*Id.*, 180 F.3d at 977; *see also United States v. Barahona*, 990 F.2d 412, 418 (8th Cir. 1993) (government bears burden of proving by preponderance of evidence that defendant knowingly, voluntarily, and intelligently waived his rights).[3]

An inquiry into whether a suspect's *Miranda* rights have been waived "has two distinct dimensions." *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141, 89 L. Ed. 2d 410 (1986) (citations omitted). As the Court explained:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. *Fare v. Michael C.,* 442 U.S. 707, 725, 99 S. Ct. 2560, 2572, 61 L. Ed. 2d 197 (1979). *See also North Carolina v. Butler,* 441 U.S. 369, 374-375, 99 S. Ct. 1755, 1758, 60 L. Ed. 2d 286 (1979).

*Moran,* 475 U.S. at 421, 106 S. Ct. at 1141; *see United States v. Jones*, 23 F.3d 1307 (8th Cir. 1994); *Caldwell*, 954 F.2d at 504.

These principles were summarized by the Eighth Circuit Court of Appeals in *Holman v. Kemna*, 212 F.3d 413 (8th Cir. 2000), as follows:

---

[3]While the Government ordinarily bears the burden of showing a suspect's waiver of rights was knowing, voluntary, and intelligent, in at least one case, the Eighth Circuit Court of Appeals indicated that an intoxicated defendant "must show his intoxication caused his will to be overborne." *United States v. Howard*, 532 F.3d 755, 763 (8th Cir. 2008) (emphasis and citations omitted). The *Howard* court did not discuss the matter further, and it is unclear to the undersigned whether the Eighth Circuit intended to shift the burden of proof when the issue is a suspect's intoxication. However, regardless of who bore the burden in the present case, as discussed below the court finds Martinez's will was not overborne.

4

> Inquiry into the validity of a waiver has two distinct dimensions -- whether the waiver is voluntary and whether it is knowing and intelligent. *See United States v. Turner*, 157 F.3d 552, 555 (8th Cir. 1998). A waiver is voluntary if it is the product of a free and deliberate choice rather than intimidation, coercion, or deception. *See id*. A waiver is knowing and intelligent if it has been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *See id*. The burden of proving that a defendant has knowingly and voluntarily waived his right to have counsel present at an interrogation rests with the government. *See United States v. Eagle Elk*, 711 F.2d 80, 82 (8th Cir. 1983).

*Id.*, 212 F.3d at 420.

In the present case, both officers testified they could tell from Martinez's demeanor at the scene of the traffic stop that he was impaired. They asked if he had used drugs, and Martinez admitted to using methamphetamine earlier that day. The officers also both testified that in their opinion, Martinez remained "high" or impaired throughout his interviews by law enforcement. However, they further testified Martinez was not under the influence to the extend that they felt the interview should be stopped at any time. Martinez appeared to understand all of the questions asked of him, and he responded appropriately.

The court has reviewed the three video recordings of Martinez's interviews by law enforcement and finds they support the officers' conclusion that Martinez was not so impaired that his will was overborne or he was unable to make a knowing, voluntary, and intelligent waiver of his rights. Notably, the court has seldom seen a more thorough example of providing a suspect with *Miranda* rights. The officers read each separate statement of rights to Martinez, and then had him explain in his own words what that right meant to him. Martinez displayed no difficulty in understanding and interpreting each of

his rights. Indeed, at one point, he told the officers he had the *Miranda* rights memorized because of his frequent contacts with law enforcement.

Further, to the extent Martinez argues he asserted his right to counsel, the court finds he did not. He made one statement that he 'always uses a court-appointed attorney,' or something similar. This statement did not amount to "'a clear and unequivocal request for the assistance of counsel'" that was sufficient to invoke his sixth amendment right to counsel. *United States v. Cloud*, 594 F.3d 1042, ___, 2010 WL 547041 at *3 (8th Cir. Feb. 18, 2010) (quoting *United States v. Kelly*, 329 F.3d 624, 630 (8th Cir. 2003)).

Officers may question a suspect who is impaired by drug use. Although a suspect's fatigue, intoxication, or impairment due to the use of alcohol or other drugs is relevant to the analysis, "'[i]ntoxication and fatigue do not automatically render a confession involuntary.'" *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008) (quoting *United States v. Casal*, 915 F.2d 1225, 1229 (8th Cir. 1990)). As long as the suspect was not so impaired that his will was overborne, he can make a voluntary, knowing, intelligent waiver of his rights. *Id. See United States v. Contreras*, 372 F.3d 974, 977 (8th Cir. 2004) (suspect who used drugs the night before and morning of his arrest voluntarily consented where officers testified he appeared sober and in control of his faculties at time of interview) (quoted with approval by the *Gaddy* court).

Here, although Martinez appeared to be under the influence of drugs, he was able to answer the officers' questions clearly and appropriately. He never asked to stop the interview or appeared unable to continue the interview. The court finds Martinez waived his rights knowingly, voluntarily, and intelligently, and his motion to suppress should be denied.

One additional note is appropriate regarding another argument contained in Martinez's brief. *See* Doc. No. 16-1, pp. 3-5. Martinez argues the officers "changed the rules of *Miranda*" in the middle of giving him the warnings. The officers first asked

Martinez if he wanted to answer "questions," but another officer interrupted and told Martinez he could decline to answer " a question." Martinez appears to argue that because he could, in fact, decline to answer all "questions," the officers' advice of rights was defective and, therefore, invalid. The court finds the argument to be almost incomprehensible, and in any event, it is not supported by case law or coherent argument.

## *CONCLUSION*

For the reasons discussion above, the undersigned respectfully recommends that Martinez's motion to suppress be **denied**. Objections to this Report and Recommendation must be filed **by November 8, 2010**. Responses to objections must be filed **by November 12, 2010**.

IMPORTANT NOTE: Any party planning to lodge any objection to this Report and Recommendation must order a transcript of the hearing promptly, but not later than **November 3, 2010**, <u>regardless of whether the party believes a transcript is necessary to argue the objection</u>. If an attorney files an objection to this report and recommendation without having ordered the transcript as required by this order, the court may impose sanctions on the attorney.

**IT IS SO ORDERED.**

**DATED** this 1st day of November, 2010.

_[signature]_

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT