**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ERAQUIO MARTINEZ-RODRIGUEZ,

       Defendant.

**No. 10-CR-4063-DEO**

**ORDER REGARDING REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS AND CONTINUING JURY TRIAL**

_____

## I.  INTRODUCTION AND BACKGROUND

The "Report and Recommendation On Motion To Suppress" (Docket No. 36) is before the Court for review.  The November 1, 2010, Report and Recommendation sets out the relevant issues as follows:

> On July 21, 2010, the grand jury returned a two-count Indictment charging the defendant Eraquio Martinez-Rodriguez ("Martinez") with conspiracy to distribute methamphetamine, and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846. Doc. No. 1.  On August 23, 2010, Martinez filed a motion to suppress evidence, arguing statements he made to officers following his arrest were not made voluntarily, and admission of those statements into evidence would violate his Fifth Amendment right to Due Process. Doc. No. 16-1, p. 3. The plaintiff (the "Government") resists the motion. Doc. No. 23.

The Court further adopts Chief Magistrate Judge Paul A. Zoss's factual findings, which state the following:

> [Defendant] Martinez, the vehicle's driver and sole occupant, was stopped for driving a vehicle with no license plates. Martinez was unable to produce a driver's license. Officers asked if he had anything illegal in his vehicle, and Martinez indicated he had a small amount of "weed" (marijuana). An officer asked Martinez to step out of his vehicle, and the officer conducted a pat-down search of Martinez. The officer felt a lump in Martinez's right front pants pocket. The officer asked Martinez what the lump was, and Martinez responded that it was methamphetamine.
>
> Martinez was handcuffed, and officers retrieved approximately 10 grams of methamphetamine from his pocket. He was given his <u>Miranda</u> warnings, and was taken to the Sioux City Police Department where he was given his <u>Miranda</u> warnings again, after which he made incriminating statements.

Defendant Martinez brought his motion to suppress and argued he was under the influence of methamphetamine and was unable to make a knowing, voluntary, and intelligent waiver of his <u>Miranda</u> rights. Martinez further argued that law enforcement officers knew he was impaired, but questioned him anyway, resulting in his will being overborne.

After reviewing all of the evidence, Judge Zoss concluded that, although Martinez was under the influence of methamphetamine at the time he was arrested and interviewed, he was not so impaired that he was unable to make a knowing, voluntary, and intelligent waiver of his <u>Miranda</u> rights.

**II. ANALYSIS**

This Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

A district judge is only required to make a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for plain error. <u>See</u> <u>United States v. Maxwell</u>, 498 F.3d 799, 801 n.2 (8th Cir. 2007) (reviewing

factual findings for "plain error" where no objections to the magistrate judge's report and recommendation were filed); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994) (same). In this case, neither party filed an objection to Judge Zoss's Report and Recommendation; thus, the Court will review the Report and Recommendation for plain error.

This Court has reviewed the Report and Recommendation and has found no plain error. Law enforcement officers testified at the hearing before Judge Zoss that they knew Martinez was impaired, but questioned him anyway. This Court, however, is confident that Martinez's argument that his impairment affected his capability to waive his Miranda rights does not hold much weight given he was able to understand and recite, in his own words, the meaning of the Miranda rights. Martinez also stated during the interviews that he had the Miranda rights memorized because of his frequent contacts with law enforcement.

There also appears to be an issue as to whether Martinez invoked his Sixth Amendment right to counsel at the interview. Judge Zoss noted that Martinez mentioned he "always uses a court-appointed attorney." The record further shows that

prior to the start of the interview, the following conversation occurred:

> Agent Clausen:    Last off, I want to ask you some questions.  Are you willing to answer some questions for me?
>
> Martinez:    I'm scared to just ask for a lawyer, because, then, .... you know ....
>
> Agent Clausen:    I'm just going to ask you some questions.  If you don't want to answer the questions, you can tell me whatever. You understand that?  Does that sound good to you?  You understand?
>
> Agent Noltze:    Here's the deal.  If we ask you a question, and you don't want to answer it, don't lie.  Just tell us you don't want to answer it.  OK?  And if you don't understand the question, ask us to repeat it and we will say it again.  OK? You ready? We're going to start asking you questions.  You ready for that.
>
> Martinez:    "Uh huh."

See Docket No. 16-1, at 1-2; Docket No. 23, at 7-8; Government Sealed Ex. 1 (housed in Clerk of Court's file).

This conversation, combined with his understanding of the Miranda rights, show that Martinez understood his rights and understood he could request counsel, but chose not to do so. Thus, he did not make a "clear and unequivocal request for the assistance of counsel that was sufficient to invoke his sixth

amendment right to counsel." <u>United States v. Cloud</u>, 594 F.3d 1042, 1045 (8th Cir. 2010) (concluding that the defendant did not clearly and unequivocally request an attorney when officers asked him directly if he wanted to speak with an attorney, and he responded, "Yeah.  Probably," and "No, I just want to get my money and leave."); <u>See also</u> <u>Davis v. United States</u>, 512 U.S. 452, 455, 459-61 (1994) (holding that the statement, "maybe I should talk to a lawyer" was insufficient).

## III.    CONCLUSION

Judge Zoss recommends that Martinez's motion to suppress be denied.  No objections to the Report and Recommendation were filed in this case, and it appears to the Court upon review of Judge Zoss's findings and conclusions that there are no grounds to reject or modify them.

Because trial in this matter is scheduled for Monday, December 6, 2010, the Court is persuaded a continuance of that trial date is appropriate given the outcome of the motion to suppress and the facts surrounding this case.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Chief   Magistrate   Judge   Paul   A.   Zoss's   Report   and

Recommendation (Docket No. 36). Defendant Martinez's motion to suppress (Docket No. 16) is **denied**.

**IT IS FURTHER HEREBY ORDERED** that the jury trial scheduled for Monday, December 6, 2010, is <u>**continued**</u> and shall now take place on <u>**January 3, 2011, beginning at 9:00 a.m. Counsel for the parties shall be present in the undersigned's chambers at 8:30 a.m. on each day of trial**</u>.

For the reasons set forth herein, the time from the date of Defendant Martinez's motion to suppress (Docket No. 16) to the trial date is excluded for purposes of speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

**IT IS SO ORDERED** this 3rd day of December, 2010.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa